[Cite as *Overholt v. Emrick*, 2017-Ohio-5838.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
|---|---|---|
| MARK OVERHOLT, et al. | | C.A. No. 16CA0016-M |
| Appellants | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JUDITH EMRICK, ZONING INSPECTOR | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellee | | CASE No. 14 CIV 0357 |

DECISION AND JOURNAL ENTRY

Dated: July 17, 2017

CARR, Judge.

{¶1} Appellant, Mark Overholt, appeals the judgment of the Medina County Court of Common Pleas. This Court reverses and remands.

I.

{¶2} This matter stems out of a dispute regarding the use of the property located at 6867 Wooster Pike in Montville Township, Ohio. The property is located in an area known as the Rural Commercial District. The owner of the property, Mark Overholt, has used the property for both residential and commercial purposes for decades. Along with his wife, Sheryl, Overholt operates a business from that location known as Tiger General, LLC. Starting in the early 2000s, Overholt began using the property to rebuild and sell motorcycles. The number of motorcycles on the property has grown exponentially over the years.

{¶3} In 2012, Judith Emrick, in her capacity as the Township's Zoning Inspector, served Overholt with a notice outlining 13 alleged zoning violations on his property. All of the

violations were connected to the motorcycle collection. Overholt filed a timely appeal to the Board of Zoning Appeals ("BZA"). After taking extensive evidence on the contested issues, the BZA acknowledged that its review of the history of Overholt's property as it related to the Township's zoning regulations yielded a story that was "fragmented and confused." Ultimately, the BZA issued a decision with findings of fact and conclusions of law in support of its determination that three of the 13 alleged zoning violations were valid.

{¶4} On April 2, 2014, Overholt initiated an administrative appeal of the BZA's decision to the Medina County Court of Common Pleas. Overholt challenged that BZA's determination that he was in violation of a zoning provision which prohibited the outdoor storage of inoperable vehicles, as well as the BZA's determination that the property was effectively being used as a junkyard. The trial court issued an order affirming the decision on January 21, 2016.

{¶5} Overholt filed a timely notice of appeal. Now before this Court, Overholt raises three assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED AS A MATTER OF LAW BY REPEATEDLY USING THE INCORRECT STANDARD OF REVIEW IN DECIDING THE R.C. []2506 ADMINISTRATIVE APPEAL OF APPELLANTS MARK OVERHOLT, ET AL., (COLLECTIVELY "OVERHOLT") FROM THE MARCH 3, 2014 DECISION OF APPELLEE MONTVILLE TOWNSHIP BOARD OF ZONING APPEALS ("BZA") UPHOLDING THREE OF 13 VIOLATIONS CHARGED BY APPELLEE TOWNSHIP ZONING INSPECTOR IN MARCH 2012.

{¶6} In his first assignment of error, Overholt argues that the trial court applied an incorrect standard of review when it resolved his appeal from the BZA's decision. We agree.

{¶7} Overholt's administrative appeal from the BZA's decision to the Medina County Court of Common Pleas was governed by R.C. 2506.01 et seq. When reviewing a decision under R.C. 2506.04, the common pleas court:

> "[C]onsiders the 'whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence."

*Crutchfield v. Sharon Twp. Bd. of Zoning Appeals*, 9th Dist. Medina No. 04CA0006-M, 2005-Ohio-6265, 12, quoting *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147 (2000).

{¶8} Under R.C. 2506.04, the common pleas court may "affirm, reverse, vacate, or modify" the decision of a Board of Zoning Appeals or "remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court."

{¶9} In this case, the trial court applied an improper standard of review when it ruled on Overholt's challenges to the BZA's decision. While the trial court alluded to the aforementioned standard at the outset of its judgment entry, it misstated the statutory language set forth in R.C. 2506.04. Though R.C. 2506.04 requires the trial court to determine whether the administrative order was "unsupported by the preponderance of substantial, reliable, and probative evidence[,]" the trial court stated that it was required to determine whether the order was "unsupported by a preponderance of substantially reliable and probative evidence." Moreover, the trial court seemingly applied a hybrid standard of review when it ultimately found that the evidence was "substantial and reliable enough" to affirm the BZA's determination that Overholt violated the zoning provision which banned the outdoor storage of inoperable vehicles. Likewise, in upholding the BZA's determination that the Overholt was using his property as a

junkyard, the trial court noted that there was some "reliable evidence in the record to support the Board's finding[.]" The preponderance of the evidence standard is entrenched in Ohio jurisprudence and requires a more precise inquiry than the "substantial and reliable enough" analysis deployed by the trial court in this case. *See Redilla v. Avon Lake*, 9th Dist. Lorain Nos. 09CA009731, 09CA009735, 2010-Ohio-4653, ¶ 10, quoting *Dudukovich v. Lorain Metro. Hous. Auth.*, 58 Ohio St.2d 202, 207 (1979) ("The key term is 'preponderance.' If a preponderance of reliable, probative and substantial evidence exists, the Court of Common Pleas must affirm the agency decision; if it does not exist, the court may reverse, vacate, modify or remand."). Accordingly, this matter must be remanded for the trial court to apply the appropriate standard of review.

{¶10} The first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AS A MATTER OF LAW BY UPHOLDING THE BZA'S FINDING THAT OVERHOLT'S CONDUCT IN 2012 VIOLATED A TOWNSHIP ZONING RESOLUTION PROVISION THAT HAD BEEN REPEALED AT LEAST SIX YEARS EARLIER.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY UPHOLDING THE BZA'S FINDING THAT OVERHOLT'S MOTORCYCLE COLLECTION WAS A "JUNKYARD" WHEN THE COLLECTION: A) DID NOT FIT THE DEFINITION OF "JUNKYARD" IN THE TOWNSHIP ZONING RESOLUTION; AND B) WAS AN INTEGRAL PART OF A MOTORCYCLE BUSINESS USE THE BZA APPROVED AS PART OF OVERHOLT'S CONDITIONAL USE PERMIT IN MARCH 2002 WHICH USE, INCLUDING THE MOTORCYCLE COLLECTION, WAS ACKNOWLEDGED AS COMPLAINT IN SEPTEMBER 2002 AND DID NOT CHANGE (OTHER THAN IN SIZE) THEREAFTER.

{¶11} Overholt raises additional challenges to the trial court's judgment entry in his second and third assignments of error. As our resolution of Overholt's first assignment of error

is dispositive of this appeal, we decline to address the second and third assignments of error as they are rendered moot. *See* App. R. 12(A)(1)(c).

## III.

{¶12} Overholt's first assignment of error is sustained. This Court declines to entertain the second and third assignments of error as they are moot. The judgment of the Medina County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

SCHAFER, P. J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

BENJAMIN J. OCKNER and GARY F. WERNER, Attorneys at Law, for Appellants.

KATHARINA E. DEVANNEY, Attorney at Law, for Appellee.